**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SHARON CHERRY FIEGER,**<br>**Plaintiff,**<br><br>**v.**<br><br>**CLIFFORD HALL AND SIGNATURE EMERGENCY PRODUCTS, LLC,**<br>**Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO. 24-2410** |

**MEMORANDUM OPINION**

Plaintiff Sharon Fieger ("Fieger") sued Defendants Clifford Hall ("Hall") and Signature Emergency Products, LLC ("SEP") for breach of contract, fraud, and promissory estoppel, all under Pennsylvania law. Following months of persistent discovery disputes that culminated in an order compelling production of discovery, this Court awarded sanctions against SEP to pay: (1) the expenses Fieger incurred in bringing her Motion to Compel; and, (2) reasonable expenses arising from SEP's noncompliance with that order. Fieger has now filed a Fee Petition and SEP has replied in opposition.[1] For the following reasons, Fieger will be awarded **$11,496.65**.

## I. LEGAL STANDARD

Reasonable fees are calculated using the "lodestar" approach, which is derived by multiplying the amount of time reasonably expended by reasonable hourly rates. *Brytus v. Spang & Co.*, 203 F.3d 238, 242 (3d Cir. 2000). "The party seeking attorney's fees has the burden to

[1]Although on August 7, 2026, Fieger filed a Reply in support of her Fee Petition—and also seeks costs and fees associated with the preparation of that filing—this Court's July 9, 2026, Order instructed only the filing of Fieger's Fee Petition and SEP's Response. In this district, reply and surreply briefs are not permitted as of right, but "[t]he Court may require or permit additional briefs or submissions if the Court deems them necessary." E.D. Pa. R. Civ. P. 7.1(c); *see also, e.g., Miller v. Barnhart*, 2006 WL 1284961 at *1 n.4 (E.D. Pa. May 8, 2006) (declining to allow amendment of fee petition to include fees for the additional time to file a reply because "the filing of a reply brief is not a matter of right"). The Court does not deem necessary Fieger's Reply to SEP's Response in Opposition to the Fee Petition (ECF No. 97), nor will it consider the additional $3,420.00 requested in that brief in determining Fieger's total award.

prove that its request . . . is reasonable [and] must 'submit evidence supporting the hours worked and rates claimed.'" *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). The court must then go line-by-line through the records, conducting a "thorough and searching analysis" to determine the reasonable hourly rate and reasonable number of hours expended. *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 359 (3d Cir. 2001); *Rode*, 892 F.2d at 1183. "Once the court determines the reasonable hourly rate, it multiplies that rate by the reasonable hours expended to obtain the lodestar[, which] is presumed to be the reasonable fee." *Rode*, 982 F.2d at 1183 (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). The court may then consider the opposing party's arguments in favor of a downward adjustment but cannot "decrease a fee award based on factors not raised . . . by the adverse party." *Id*. (quoting *Hensley*, 461 U.S. at 433).

## II. DISCUSSION

### A. Determination of Reasonable Hourly Rates

SEP first objects to the hourly rates claimed by Fieger's attorney, Diane Cherry ("Cherry"), and paralegal. Cherry, an attorney with 37 years of experience, billed $600 per hour for her services. Whether that is a reasonable hourly rate can be determined by reference to the Community Legal Services' ("CLS") fee schedule, which has been recognized as "a fair reflection of the prevailing market rates in Philadelphia." *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001) (internal quotations omitted). Although the CLS schedule recommends an hourly rate of $735-$850 for attorneys with 25 or more years of experience, the work that Cherry performed relevant to these sanctions did not reasonably require the expertise of an attorney with more than two decades of practice. Instead, the enumerated functions—amounting to an expert discovery task—are frequently performed by attorneys with seven or eight years of experience (a role referred to as a "senior associate" in some law firms). Per the CLS schedule, the applicable

rate for a Philadelphia-area attorney with six to 10 years of experience ranges from $320 to $415, so the extrapolated range for seven to eight years of experience is approximately $343 to $368. Absent any other informing factors, the Court finds it appropriate to use **$355 per hour** as the reasonable rate for Cherry's work connected with her motions.

The Cherry Law Firm also billed $250 per hour for "[p]aralegal and staff time," characterizing the rate as "below the customary rates for paralegal services in the Philadelphia area." However, according to the CLS schedule, the hourly rate for paralegals with up to 10 years of experience ranges between $190 and $240, with senior and supervisory paralegals billing between $245 and $285 per hour. Fieger makes no representation that the paralegal who performed the work held a senior or supervisory role, nor do the task descriptions indicate that such expertise would be necessary. Although Fieger's Fee Petition sheds no light on the qualifications and experience of the paralegal who billed the hours, the tasks are reasonably consistent with the American Bar Association's definition of the paralegal role: "a person, qualified by education, training or work experience who is employed or retained by a lawyer . . . and who performs specifically delegated substantive legal work for which a lawyer is responsible."[2] A junior paralegal would reasonably be capable of completing the tasks claimed in Fieger's Fee Petition (*i.e.*, filing motions, compiling exhibits, and preparing proposed orders), so the reasonable rate billed for the paralegal time in this instance shall be assessed at **$190 per hour**.

**B. Determination of Reasonable Hours Expended**

The work hours compensable under the Order for Sanctions can be considered in three

---

[2] *See* AMERICAN BAR ASSOCIATION, *Current ABA Definition of Paralegal* (February 2020), https://www.americanbar.org/groups/paralegals/profession-information/current_aba_definition_of_legal_assistant_paralegal/

categories: (1) those Fieger incurred in making her Motion to Compel; (2) those arising from her Motion for Sanctions; and, (3) those related to the preparation of the Fee Petition.

***i. Motion to Compel***

Fieger is entitled to recover reasonable expenses incurred in making her motion to compel. Fed. R. Civ. P. 37(a)(5)(A) and ECF No. 92. Cherry's firm billed for both attorney work and paralegal work performed in support of this motion.

a. <u>Attorney Hours</u>

Cherry billed for 15 work hours "causally related to the preparation and filing of her motion to compel." Five of those hours reflect Fieger's good-faith efforts to obtain discovery without court intervention. The remaining 10 hours, billed once those efforts had failed, directly relate to drafting and preparing the Motion.

The longstanding discovery disputes in this case are well documented, and Fieger is not necessarily entitled to compensation for each instance in which her attorney corresponded with opposing counsel about those disagreements. Thus, 2.8 billed hours taken up with such communications will not be credited toward Fieger's total award. But the 2.2 hours Cherry spent negotiating with counsel once the deadline for SEP to respond to discovery had passed (and they had not responded) will be credited as time reasonably spent.

As for the remaining 10 hours spent on drafting the Motion and compiling the related exhibits, only two downward adjustments are necessary: *First*, some portion of the two-and-a-half hours that Cherry billed on February 21, 2026, for compiling exhibits and organizing correspondence is more appropriately billed to a paralegal. "It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do. . . . Such non-legal work may command a lesser rate [and i]ts dollar value is not

enhanced just because a lawyer does it." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) (internal quotations omitted). Accordingly, two of those hours will be reassigned to the paralegal rate, with the remaining half hour billed at the attorney rate. *Second*, on February 23, 2026, time spent preparing the proposed order will be reassigned from Cherry's fee schedule to the paralegal's fee schedule, commensurate with the 30 minutes that the paralegal later billed in June 2026 for a comparable task. The remaining 2.5 hours from February 23, 2026, that Cherry spent revising the Motion will remain at the attorney rate.

Aside from these adjustments, SEP's claims regarding "excessive" hours are unsupported by the record. As an initial matter, SEP incorrectly claims that an "undisclosed timekeeper" labeled "DO" billed for work on Fieger's case. No such entry appears on any of Cherry's invoices. Additionally, SEP incorrectly claims that Fieger is attempting to "commingle" otherwise discrete billing entries for two separate motions, thereby "creat[ing] a real risk that [she] recover[s] twice."[3] Cherry's descriptions are clear and detailed as to her work on each of the motions, and an aggregate review of her claimed hours does not show any double-counting. Finally, SEP questions the complexity of the Motion, referring to it as "a straightforward, unopposed motion." The fact that the Motion was "unopposed" is irrelevant insofar as, at the time of drafting, Cherry could not have reasonably known that SEP would forego its opportunity to respond.

b. Paralegal Hours

To electronically docket the Motion to Compel, Cherry's paralegal billed 1.1 work hours. SEP does not specifically dispute the amount of time billed, but instead objects to the nature of

---

[3] In making this claim, SEP appears to take issue with Fieger's Motion to Compel bearing the title "Plaintiff's Motion to Compel Defendant Signature Emergency Products, LLC Outstanding Discovery Production and for Sanctions." However, that Motion was only granted as to compelled discovery and the Court did not adjudicate the question of sanctions until the July 9 Order.

the work as "clerical overhead." Notwithstanding this objection, electronic filing can fall within the remit of a paralegal or a legal assistant, *see e.g.*, *Lowerre v. Colvin*, No. 12-218E, 2014 WL 3529987, at *2 (W.D. Pa. July 15, 2014), and it is not unreasonable for a paralegal to have filed the motion—someone had to do it. Based on the 2.5 hours reassigned from Cherry's fee schedule under subpart (a), above, and the 1.1 hours reasonably billed by the paralegal, the Court finds that SEP shall compensate Fieger for 3.6 hours of paralegals time.

c. Adjusted Totals

The figures in the following table are based on the adjusted hourly rates and the modified hour totals determined above. The revised totals reflect the reasonable amount of time and cost for an attorney with seven to eight years of experience and a junior paralegal to complete the described work.

| | | BILLED | | | COURT ADJUSTED | | |
|---|---|---|---|---|---|---|---|
| **Date** | **Description** | **Hours** | **Rate** | **Amount** | **Hours** | **Rate** | **Amount** |
| 1/22 | Status letter | 1.2 | $600 | $ 720.00 | – | – | – |
| 1/23 | Written follow-up | 0.3 | $600 | $ 180.00 | – | – | – |
| 1/29 | Written follow-up | 0.3 | $600 | $ 180.00 | – | – | – |
| 2/4 | Written follow-up | 0.3 | $600 | $ 180.00 | – | – | – |
| 2/10 | Written follow-up | 0.3 | $600 | $ 180.00 | – | – | – |
| 2/11 | Written follow-up; review | 0.4 | $600 | $ 240.00 | – | – | – |
| 2/12 | E-mail review | 0.2 | $600 | $ 120.00 | 0.2 | $355 | $ 71.00 |
| 2/17 | Written follow-up; call | 0.6 | $600 | $ 360.00 | 0.6 | $355 | $ 213.00 |
| 2/18 | Status review; comms. | 1.4 | $600 | $ 840.00 | 1.4 | $355 | $ 497.00 |
| 2/20 | Draft motion | 4.5 | $600 | $ 2,700.00 | 4.5 | $355 | $ 1,597.50 |
| 2/21 | Prepare exhibits | 2.5 | $600 | $ 1,500.00 | 0.5 | $355 | $ 177.50 |
| | | | | | 2.0 | $190 | $ 380.00 |
| 2/23 | Revise motion, prop. order | 3.0 | $600 | $ 1,800.00 | 2.5 | $355 | $ 887.50 |
| | | | | | 0.5 | $190 | $ 95.00 |
| 2/23 | File motion (ECF No. 71) | 1.1 | $250 | $ 275.00 | 1.1 | $190 | $ 209.00 |
| **TOTAL** | | | | | | | **$ 4,127.50** |

Accordingly, the total amount owed to Fieger for the sanctions levied under Rule 37(a)(5)(A) for SEP's conduct necessitating the motion to compel is **$4,127.50**.

***ii. Motion for Sanctions***

Fieger is also entitled to fees—both those billed for the attorney work and for paralegal work—reasonably expended on filing and arguing her Motion for Sanctions. Fed. R. Civ. P. 37(b)(2)(C) and ECF No. 92.

a. <u>Attorney Hours</u>

Cherry billed for 11 hours of work related to the Motion for Sanctions, including 1.5 hours spent reviewing SEP's deficient production, 4.1 hours spent communicating in good faith with SEP's counsel to rectify those deficiencies, and 5.4 hours spent on the Motion itself and the subsequent reply brief. SEP opposes two of these calculations.

SEP first points to a Bankruptcy Court opinion—incorrectly characterizing it as "[c]ontrolling authority in this District"—to argue that Fieger cannot recover for Cherry's time spent reviewing SEP's discovery production because that time "would have been incurred anyway." *In re Atomica Design Grp, Inc.*, 591 B.R. 217, 243 (Bankr. E.D. Pa. 2018). The Court needs to look no further than Rule 37, which prescribes in relevant part that "the disobedient party . . . [must] pay the reasonable expenses . . . caused by the failure." Fed. R. Civ. P. 37(b)(2)(C). Had SEP complied in good faith with the Court's Order and produced full and complete discovery as required, the 1.5 hours Cherry spent reviewing the records would not be compensable. Instead, SEP sent Cherry on a fool's errand through unusable records. That waste of time was demonstrably caused by SEP and is therefore compensable.

Next, SEP insists that Cherry's attempts to communicate with opposing counsel regarding the missing, incomplete, and unusable records—billed between May 5, 2026, and May 15, 2026—somehow "reflect[] Fieger progressively changing what she wanted." SEP is blatantly incorrect: the Court's Order specifically identified the documents that SEP was compelled to produce and the form in which it was required to do so. SEP's attempt to shift its responsibility

is entirely without merit and the hours that Cherry spent attempting to gain SEP's compliance will be credited toward Fieger's award. The only necessary adjustment is to Cherry's entry on May 11, 2026, for which she appears to have overbilled by eight minutes for a 10-minute phone call with SEP's counsel. The Court will correct that entry from 0.3 hours to 0.2 hours, allowing for marginal rounding to the closest tenth of an hour. The total number of compensable hours is therefore 10.9.

b. Paralegal Hours

Cherry's paralegal billed a total of 3.1 hours to prepare and send a hard copy record to the Court and to prepare and submit a proposed order. Once again, it is not unreasonable for a paralegal to have completed this work instead of a legal assistant, so no adjustment to the 3.1 hours is warranted.

c. Adjusted Totals

The figures in the following table are based on the adjusted hourly rates and the modified hour totals determined above. The revised totals reflect the reasonable amount of time and cost for an attorney with seven to eight years of experience and a junior paralegal to complete the described work.

| | | **Billed** | | | **Adjusted** | | |
|---|---|---|---|---|---|---|---|
| **Date** | **Description** | **Hours** | **Rate** | **Amount** | **Hours** | **Rate** | **Amount** |
| 4/22 | Review prod.; comms. | 1.5 | $600 | $ 900.00 | 1.5 | $355 | $ 532.50 |
| 5/5 | Draft correspondence | 0.5 | $600 | $ 300.00 | 0.5 | $355 | $ 177.50 |
| 5/8 | Draft correspondence | 0.8 | $600 | $ 480.00 | 0.8 | $355 | $ 284.00 |
| 5/11 | Draft summary | 0.4 | $600 | $ 240.00 | 0.4 | $355 | $ 142.00 |
| 5/11 | Telephone conference | 0.3 | $600 | $ 180.00 | 0.2 | $355 | $ 71.00 |
| 5/15 | Draft & send letter | 0.6 | $600 | $ 360.00 | 0.6 | $355 | $ 213.00 |
| 5/22 | Draft motion, compile ex. | 2.6 | $600 | $ 1,560.00 | 2.6 | $355 | $ 923.00 |
| 5/25 | Revise motion, memo, ex. | 1.3 | $600 | $ 780.00 | 1.3 | $355 | $ 461.50 |
| 5/26 | Notebook creation | 2.6 | $250 | $ 650.00 | 2.6 | $190 | $ 494.00 |
| *— Motion for Sanctions filed on May 26, 2026 —* | | | | | | | |
| *— SEP's reply filed on June 3, 2026 —* | | | | | | | |
| 6/4 | Review SEP's reply | 0.6 | $600 | $ 360.00 | 0.6 | $355 | $ 213.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 6/5 | Research & draft reply | 1.6 | $600 | $ 960.00 | 1.6 | $355 | $ 568.00 |
| 6/8 | Finalize & file reply | 0.8 | $600 | $ 480.00 | 0.8 | $355 | $ 284.00 |
| 6/8 | Draft & file prop. orders | 0.5 | $250 | $ 125.00 | 0.5 | $190 | $ 95.00 |
| **TOTAL** | | | | | | | **$ 4,458.50** |
| *— Motion for Sanctions granted on July 9, 2026 —* | | | | | | | |

Accordingly, the total amount owed to Plaintiff for the sanctions levied under Rule 37(b)(2)(C), which includes compensation for Fieger's Motion for Sanctions, is **$4,458.50**.

***iii. Fee Petition***

Fieger can also recover fees reasonably expended on preparation of the Fee Petition. "A party entitled to an award of attorneys' fees is also entitled to reimbursement for the time spent litigating its fee application." *Planned Parenthood of Central N.J. v. Att'y Gen. of N.J.,* 297 F.3d 253, 268 (3d Cir. 2002).

a. Attorney Hours

Cherry billed nine hours of attorney time and one hour of paralegal time to prepare and file Fieger's Fee Petition. SEP contends that these costs, "supported by exhibits the firm had already generated[, do] not reasonably require time rivaling [the amount spent on the] underlying sanctions motion." Indeed, where these entries are "excessive, redundant or otherwise unnecessary," Fieger is not entitled to recover. *Rode*, 892 F.2d at 1183 (citing *Hensley*, 461 U.S. at 433). The following adjustments to the 10 claimed work hours are therefore warranted:

- Consistent with preceding adjustments, 30 minutes attributable to drafting the proposed order, as billed on July 10, 2026, will be reassigned from the attorney rate to the paralegal rate. The remaining time that Cherry billed on that date for drafting the petition and her own declaration—a total of 1.1 hours—is compensable at the attorney rate.
- The time billed on July 13, 2026, for compiling the CLS fee schedule will be nullified, as it is unreasonable to bill at an attorney rate for simply navigating to the CLS website to export the fee schedule. However, on the same date and as part of the same billing record, Cherry billed for coordinating with local attorney Walter Weir, whose declaration regarding market rates accompanied Fieger's Petition. The Court will credit 30 minutes for that coordination, resulting in a total of 0.5 hours of compensable time billed on July 13, 2026.

- The 2.9 hours that Cherry billed on July 18, 2026, for compiling the firm's existing billing records and organizing those expenses into the petition are only compensable at the paralegal rate and will be adjusted accordingly.

b. Paralegal Hours

The paralegal billed one hour for finalizing and filing the Fee Petition, which is compensable. Combined with the foregoing adjustment—shifting 3.4 hours from the attorney rate to the paralegal rate—the total number of reasonable paralegal hours is 4.4.

c. Adjusted Totals

The figures in the following table are based on the adjusted hourly rates and the modified hour totals determined above. The revised totals reflect the reasonable amount of time and cost for an attorney with seven to eight years of experience and a junior paralegal to complete the described work.

| | | BILLED | | | ADJUSTED | | |
|---|---|---|---|---|---|---|---|
| **Date** | **Description** | **Hours** | **Rate** | **Amount** | **Hours** | **Rate** | **Amount** |
| 7/9 | Review opinion & order | 0.5 | $600 | $ 300.00 | 0.5 | $355 | $ 177.50 |
| 7/10 | Draft petition, declaration, | 1.6 | $600 | $ 960.00 | 1.1 | $355 | $ 390.50 |
| | & proposed order | | | | 0.5 | $190 | $ 95.00 |
| 7/13 | Coord. Weir declaration | 0.7 | $600 | $ 420.00 | 0.5 | $355 | $ 177.50 |
| 7/14 | Research lodestar and rates | 1.5 | $600 | $ 900.00 | 1.5 | $355 | $ 532.50 |
| 7/18 | Summarize time entries | 2.0 | $600 | $ 1,200.00 | 2.0 | $190 | $ 380.00 |
| 7/18 | Draft accounting of fees | 0.9 | $600 | $ 540.00 | 0.9 | $190 | $ 171.00 |
| 7/21 | Draft declaration | 1.8 | $600 | $ 1,080.00 | 1.8 | $355 | $ 639.00 |
| 7/21 | Finalize & file | 1.0 | $250 | $ 250.00 | 1.0 | $190 | $ 190.00 |
| **TOTAL** | | | | | | | **$ 2,753.00** |
| *— Fee Petition filed on July 22, 2026 —* | | | | | | | |

Accordingly, the total amount owed to Fieger for the preparation and filing of the Fee Petition is **$2,753.00**.

**C. Determination of Reasonable Miscellaneous Costs**

Fieger seeks an award for three miscellaneous expenses: $32.05 for Federal Express delivery of the Motion for Sanctions to the Court and two sets of PACER charges ($31.10 and $94.50) totaling $125.60. SEP does not contest these expenses, all of which fall within a

reasonable range. Therefore, Fieger is reasonably entitled to an award of **$157.65** for miscellaneous costs.

## III. CONCLUSION

For the foregoing reasons, Fieger is entitled to a total award of **$11,496.65**. An appropriate order follows.

**BY THE COURT:**

S/ WENDY BEETLESTONE

**WENDY BEETLESTONE, C.J.**